IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DANIEL FIELDER,**

      Plaintiff,

      v.

**CHS INC.**, A CORPORATION OF MINNESOTA, d/b/a **CHS INC. OF MINNESOTA,**

      Defendant.

Civ. No. 6:13-cv-01513-TC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Daniel Fielder brings this action seeking damages for alleged disability discrimination under Oregon's disability discrimination statute, ORS §§ 659A.103–145.[1] Defendant filed a motion for summary judgment. Magistrate Judge Thomas M. Coffin issued a Findings and Recommendation (F & R) on October 14, 2014, in which he recommended that this Court deny defendant's motion for summary judgment. The matter is now before this Court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

This Court reviews all portions of the F & R subject to objection *de novo*. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Defendant timely filed an objection. Upon review, this Court finds no error in Judge Coffin's F & R, ECF No. 49.

---

[1] Plaintiff is an individual with diabetes. Decl. of Elizabeth A. Falcone 2, ECF No. 2-1.

1 – OPINION AND ORDER

As indicated by Judge Coffin, numerous material factual issues are present in this matter. For example, between June 19, 2013 and July 7, 2013,[2] plaintiff did not receive his reasonable accommodation, i.e. a 12-hour break between shifts in order to exercise and sleep, on *four* different occasions.[3] Although defendant characterizes these lapses in accommodation as voluntary, *see* Objections to F & R 6, ECF No. 51, during at least one of these lapses, Kenny Evans, defendant's regional operations manager for the western region,[4] instructed plaintiff through Donald Sandbothe and Wesley Edwards to assist in pumping out the fuel mix caused by plaintiff, Decl. of Elizabeth A. Falcone - Pt. 1 28, ECF No. 29-3. There is evidence to suggest that both Sandbothe and Edwards were aware that plaintiff's assistance during this pumping operation violated his accommodation.[5] Thus, this Court finds that the better course would be to proceed to a full trial because a fuller record will afford a more substantial basis for decision. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Neither do we suggest that . . . the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." (citation omitted)).

## CONCLUSION

This Court ADOPTS Judge Coffin's F & R, ECF No. 49, in full. Accordingly, defendant's motion for summary judgment, ECF No. 28, is DENIED.

---

[2] Plaintiff accepted defendant's proposed disability accommodation on June 19, 2013. *See* Decl. of Elizabeth A. Falcone - Pt. 3 1, ECF No. 31-7.

[3] *See* Decl. of Shirley Rayner 2–3, ECF No. 42-1; *see also* Decl. of Elizabeth A. Falcone - Pt. 1 104, 161–61, 29-2 (indicating that plaintiff only received a four-hour break between shifts on July 6 and July 7, 2013); Supplemental Decl. of Pl. 2, ECF No. 40 ("I can only recall two occasions in which I let Mr. Sandbothe talk me into taking a load before I got 12 hours off between shifts.").

[4] As an operations manager, Mr. Evans did "the hiring and discipline for drivers." Decl. of Elizabeth A. Falcone - Pt. 1 4, ECF No. 29-3.

[5] *See* Decl. of Elizabeth A. Falcone - Pt. 1 136, ECF No. 29-2 ("I explained that 'I've only had 30 minutes sleep and my 10 hours off are not up until seven o'clock tomorrow,' and I was told [by Wesley Edwards], 'Too bad, you have to go.'"); Decl. of Elizabeth A. Falcone - Pt. 2 8, ECF No. 30-3 ("Q. So you knew that from the time of the end of his last shift to the time that he was going to assist with this operation he wouldn't have 12 hours between shifts; right? A. That is correct.").

2 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this 5th day of January, 2015.

_____
Michael J. McShane
United States District Judge

3 – OPINION AND ORDER